IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALEXIS MARRERO,

    Petitioner,

v.

DEBORAH HICKEY, Warden;
ANTHONY HAYNES, Warden;
J. MEAD, Case Manager; K.
SHAW, Unit Manager; ERIC
CHALFANT, Case Manager
Coordinator; and BUREAU OF
PRISONS,

    Respondents.

CIVIL ACTION NO.: CV209-108

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alex Marrero ("Petitioner"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response. For the reasons which follow, Gonzalez's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

The United States District Court for the Southern District of Florida sentenced Petitioner to twenty-four months' imprisonment for violating the terms of his supervised release and for failing to surrender for service of a sentence, in violation of 18 U.S.C. § 3146(a)(2). (Doc. No. 4-2, pp. 1-2). On August 10, 2009, Petitioner was released from custody.

AO 72A
(Rev. 8/82)

Petitioner filed the instant petition while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. In his petition, Petitioner requested immediate release from federal custody claiming that the Bureau of Prisons miscalculated the time he was to remain imprisoned. (Doc. No. 1, p. 4).

The Government responded that because Petitioner has been released from custody, his petition is now moot. (Doc. No. 4, p. 1).

## DISCUSSION AND CITATION TO AUTHORITY

Under Article III, Section 2 of the Constitution, jurisdiction of the federal courts to entertain a petition for habeas corpus requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (citing Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). Where an incarcerated petitioner challenges his confinement, this case or controversy requirement is always met because incarceration itself constitutes actual injury. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id. Otherwise, release from custody renders the habeas corpus action moot. Id. at 14.

Because Petitioner was released, there is no longer a live case or controversy to be litigated in this Court. Petitioner has failed to assert any collateral consequences or give any reason why his petition should not be dismissed as moot. See Spencer, 523

U.S. at 7, 14. A decision on the merits in Petitioner's favor would entitle him to no additional relief, and thus, he no longer has a personal stake in the outcome. See Lewis, 494 U.S. at 477. Petitioner is not threatened with any actual injury that could be redressed by a favorable judicial outcome. See id. Therefore, Petitioner's claim is moot.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Alex Marrero's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE